Opinion issued June 25, 2009









 

 

Opinion issued June 25,
2009

                                                                        

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-09-00136-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MAYUKO SAEKI MARTIN, Appellant

 

V.

 

TIMOTHY E. MARTIN, Appellee

 

 



On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 01-CV-121342 

 



MEMORANDUM
OPINION

          In a notice of appeal filed
December 12, 2008, Mayuko Saeki Martin seeks review of the trial court’s
rulings relating to her possession and access to D., a child born of Mayuko’s
now-dissolved marriage to Timothy E.  Martin.  Timothy has moved this Court to
dismiss Mayuko’s appeal for lack of jurisdiction.  

Mayuko’s notice of appeal
complains of rulings contained in the final order in the underlying suit to
modify the parent-child relationship signed July 28, 2004.  Timothy contends
that the time for appealing that order expired before October 2004, making her
notice untimely.  In response, Mayuko notes that she filed subsequent petitions
to modify on September 22, 2006 and February 16, 2009, and moved for new trial
on February 23, 2009.  

          Mayuko concedes that the
trial court has not ruled on either the 2006 or the 2009 petition to modify,
and her notice of appeal references only the trial court’s July 28, 2004 final
order.[1] 
“A court with continuing, exclusive jurisdiction may modify an order that
provides for the conservatorship, support, or possession of and access to a
child.”  Tex. Fam. Code Ann. § 156.001
(Vernon 2008).  The trial court’s continuing jurisdiction, however, does not alter
the deadline for appealing a final modification order.  The rules applicable to
appeals in civil cases in general also govern an appeal from a final order on a
motion to modify.  See Tex. Fam.
Code Ann. § 109.002(a) (Vernon 2008). 

          Accordingly, Mayuko had to
file any motion for new trial or, in the absence of such motion, a notice of
appeal, within 30 days of the July 28, 2004 order, or by August 30, 2004.  See
Tex. R. Civ. P. 329b(a); Tex. R. App. P. 26.1.  Her subsequent
motions to modify do not reinstate the timetable for seeking appellate review
of the trial court’s 2004 order, which stems from an earlier motion. 
Accordingly, her notice is untimely, and we lack jurisdiction over the appeal.

          We therefore dismiss the
appeal for want of jurisdiction.  We also deny Timothy’s request for
sanctions.  All other pending motions are dismissed as moot.

 

 

 

                                                          Jane Bland

                                                          Justice

Panel consists of
Justices Keyes, Hanks, and Bland.









[1]
The notice of appeal also seeks review of
temporary orders signed on January 20, 2004.  Whether we have jurisdiction over
these temporary orders depends on the appealability of the final order.  See
Tex. Fam. Code Ann. § 105.001(e)
(Vernon 2008) (declaring that temporary orders are not subject to interlocutory
appeal).